UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT REEVES,

        Plaintiff,         Case Number: 2:11-CV-11830

v.        HON. MARIANNE O. BATTANI

W. CHAPMAN, ET AL.,

        Defendants.
_____/

## ORDER OF PARTIAL DISMISSAL AND DIRECTING PLAINTIFF TO PROVIDE ADDITIONAL COPIES

Plaintiff Robert Reeves, a state inmate currently incarcerated at the Carson City Correctional Facility, in Carson City, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has named multiple Michigan Department of Corrections (MDOC) officials and employees as defendants.

Plaintiff alleges that defendants have retaliated against him by filing false misconduct charges against him. The retaliation was, he claims, a result of his exercising his duties as a representative to the warden's forum whereby he lodged complaints on behalf of other prisoners and a result of filing grievances on his own behalf. Plaintiff was found guilty of a major misconduct, conspiracy to commit assault and battery of a staff member. He filed a petition for judicial review of a major misconduct citation in the Thirtieth Circuit Court for Ingham County. The sate court held that the guilty finding was supported by no credible evidence and ordered the misconduct expunged from the records

and any good time or disciplinary credits restored. Plaintiff also alleges that his placement in segregation violated his Eighth Amendment right to be free from cruel and unusual punishment and his right to be free from false imprisonment. He seeks monetary damages.

## I.

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal and end citations omitted). "Factual allegations must be enough to raise a right to relief above the

speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555-56 (citations and footnote omitted).

## II.

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that Plaintiff fails to state a claim upon which relief may be granted with respect to his Eighth Amendment Claim, a portion of his retaliation claim, and as to defendants Chapman, and Jacobsen.

## A.

To prove a First Amendment retaliation claim, a plaintiff must establish three elements: "1) the plaintiff engaged in activities protected by the Constitution or statute; 2) the defendant took an adverse action that would deter a person of ordinary firmness from continuing to engage in that conduct; and 3) that this adverse action was taken at least in part because of the exercise of the protected conduct." *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001). *See also Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). To establish the causation element of a retaliation claim, "the plaintiff must be

3

able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct." *Smith*, 250 F.3d at 1037, *citing Mount Health City School District Board of Education v. Doyle*, 429 U.S. 274, 287 (1977).

Plaintiff claims both that he was retaliated against for complaints filed on behalf of other prisoners in his capacity as a member of the warden's forum, and that he was retaliated against for filing grievances on his own behalf. Plaintiff's first claim of retaliation fails to state a claim. A prisoner is not engaged in protected First Amendment activity when appearing as a representative to a warden's forum to present issues on behalf of other inmates. *Cromer v. Dominguez*, 103 F. App'x 570, 573 (6th Cir. 2004). Further, a prisoner has no First Amendment right to represent other inmates in presenting their grievances absent a showing that "'the inmate[]s receiving assistance would otherwise be unable to pursue legal remedies.'" *Id.* quoting *Herron v. Harrison*, 203 F.3d 460, 471 (6th Cir. 2000). Plaintiff does not allege that these inmates would otherwise have been able to pursue legal remedies. Thus, his retaliation claims based upon airing the grievances of other inmates fails to state a claim upon which relief may be granted and will be dismissed. Plaintiff's claim based upon the filing of his own claims is not dismissed.

**B.**

Next, Plaintiff argues that his placement in segregation violated his right to be free from cruel and unusual punishment under the Eighth Amendment. "[T]he Eighth Amendment prohibits punishments which, although not physically barbarous, involve the

4

unnecessary and wanton infliction of pain, or are grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (citation omitted) (internal quotation marks omitted). While there is no "static test" to determine whether the conditions of confinement violate the Eighth Amendment, prison officials violate the Eighth Amendment when they act with deliberate indifference to an inmate's health or deprive an inmate of basic human needs, food, medical care or sanitation. *Id.* at 346–47. Placement in segregation "is a routine discomfort that is a part of the penalty that criminal offenders pay for their offenses against society" and is therefore insufficient to support an Eighth Amendment claim absent physical injury. *Harden-Bey v. Rutter*, 524 F.3d 789, 795-96 (6th Cir. 2008). Therefore, this claim will be dismissed.

## C.

Defendant L. Jacobsen is a hearings officer. Hearings officers are professionals in the nature of administrative law judges and, as such, are entitled to absolute judicial immunity from § 1983 suits for actions taken in their official capacities as hearing officers. *Shelly v. Johnson*, 849 F.2d 228, 230 (6th Cir. 1988). Accordingly, Plaintiff's claims against Defendant Jacobsen will be dismissed.

## D.

Finally, Plaintiff's claims against W. Chapman, an assistant deputy warden at the Gus Harrison Correctional Facility, fail to state a claim upon which relief may be granted. Plaintiff appears to be basing his allegations against Chapman on the actions of corrections officers at Gus Harrison Correctional Facility. The doctrine of *respondeat*

5

*superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see Monell v. Department of Social Services of New York*, 436 U.S. 658, 691-95 (1978), unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . ." *Hays v. Jefferson County, Ky.,* 668 F.2d 869, 874 (6th Cir. 1982). In this case, Plaintiff fails to allege any specific conduct by Chapman that would support a finding that Chapman directly participated in, encouraged, or implicitly authorized or approved the alleged unconstitutional conduct. Accordingly, Plaintiff fails to state a claims against Chapman.

### III.

Plaintiff has failed to state a claim upon which relief may be granted against Defendants Chapman and Jacobsen. Plaintiff's claims against these Defendants are **DISMISSED**. He also has failed to state a claim that his right to be free from cruel and unusual punishment was violated or that he was retaliated against for filing grievance or airing complaints on behalf of other prisoners. Plaintiff's Eighth Amendment claims and the portion of his retaliation claim related to other prisoners' complaints are **DISMISSED**.

The Court determines that service of the complaint is appropriate on the remaining defendants. However, the Court may not, at this time, direct service of the complaint upon the remaining defendants because Plaintiff has failed to file with the Court a

sufficient number of copies for service.  *See* Fed R. Civ. P. 4(c)(1) ("The plaintiff . . . shall furnish the person effecting service with the necessary copies of the . . . complaint").

Therefore, the Court **ORDERS** Plaintiff to file FOUR copies of his complaint with the Court within THIRTY DAYS  from the date of this Order.  Failure to file the required copies may result in the dismissal of the complaint.

**SO ORDERED**.

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: June 23, 2011

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon the Petitioner, Robert Reeves, via ordinary U.S. Mail and Counsel for the Respondent, electronically.

s/Bernadette M. Thebolt
Case Manager