**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROBERT REEVES,

Plaintiff,

v.

K. SALISBURY, et al.,

Defendants.

Case No. 11-11830

Hon. Marianne O. Battani

Magistrate Judge Laurie J. Michelson

_____________________________/

**ORDER ADOPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Robert Reeves, a state prisoner, filed this action *pro se* alleging that Defendants violated his constitutional rights. Now before the Court is Defendants' Objections to Magistrate Judge's Report and Recommendation (Doc. No. 27), which recommended Defendants' Motion for Summary Judgment be granted in part and denied in part.

The Court has reviewed the pleadings, including Defendants' objections and Plaintiff's response. For the reasons that follow, the Court **ADOPTS in part and REJECTS in part** the Report and Recommendation and **GRANTS in part** and **DENIES in part** Defendants' Motion for Summary Judgment.

## I. INTRODUCTION

Reeves filed his Complaint alleging violations of 42 U.S.C. § 1983. According to Plaintiff, while he was incarcerated by the Michigan Department of Corrections at the Gus

Harrison Correctional Facility, Defendants Kenneth Salisbury, Janet Belen, Mark Evers, and Richard Enders violated his First, Fifth, and Fourteenth Amendment rights by writing misconduct tickets against him in retaliation for a complaint he filed with the Warden's Forum. The Court subsequently referred this matter to Magistrate Judge Laurie J. Michelson for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B).

In her Report and Recommendation ("R&R"), Magistrate Judge Michelson recommended that Defendants' motion be granted as to Plaintiff's Eighth Amendment claim, but denied summary judgment on the remaining claims. The facts giving rise to the claims follow.

## II. FACTS

On November 24, 3009, Reeves submitted a written complaint to the Warden's Forum, alleging that he was being unfairly accused of misconduct and being set up. On December 7, 2009, Defendant Belen wrote Plaintiff a Major Misconduct Report for Creating a Disturbance (hereinafter the "Belan Misconduct Report"), based upon the allegation that Plaintiff led about 30-40 prisoners in "groupings up in pairs of 3 and circling the front yard," with the intention of luring staff in for patsearches so the staff could be stabbed. (Doc. No. 1, Ex. G). Belan placed Plaintiff in segregation; however, the following day, the Assistant Deputy Warden, Chapman pulled the ticket, and Plaintiff was released from segregation. (Doc. No. 1, Ex. G).

On December 11, 2009, Defendant Evers placed Plaintiff back in segregation for being "Out of Place." (Doc. No. 1, at 7, Ex. H). The Major Misconduct Report indicates that Plaintiff was in the yard while he was on "toplock." (Id.) The Hearing Officer upheld the charge.

Lastly, on December 16, 2009, Defendant Salisbury wrote Plaintiff a Major Misconduct Report for "Conspiracy Assault and Battery (Staff Victim)" (hereinafter the "Salisbury Misconduct Report"), which was based on the conduct giving rise to the earlier Belen Misconduct Report. According to Salisbury, Reeves met with other prisoners on December 5, 2009, to discuss stabbing several staff members. The following day, Reeves participated in a walk on the inner yard that was intended to lure staff in for pat searches, at which time the staff members would be stabbed. (Doc. No. 1 at Ex. G). The staff did not respond, and no assaults occurred.

A hearing officer, L. Jacobsen, conducted a hearing regarding the Salisbury Misconduct Report and found evidence to support the misconduct. (Id.) Thereafter, Reeves filed Grievance ARF 2010-01-07E, stating that he had requested documents from the hearing investigator, which he did not receive. The grievance was denied at Step I because Plaintiff had received all the information he was allowed to have. Plaintiff exhausted the grievance procedure, but the denial of additional requested documents was upheld at each step.

At the same time, Reeves appealed the decision of the hearing officer. After the hearing administrator denied the appeal, Plaintiff petitioned the Ingham County Circuit Court for judicial review. The judge found that the Salisbury Misconduct Report was not supported by competent, material, and substantial evidence on the whole record. (Doc. No. 1, Ex. B.). After the judge reversed the agency decision, Plaintiff filed grievance ARF 2011-01-0052-82C. (Doc. No. 1, Ex. D). In his grievance, Reeves claimed that Salisbury, Evers, and Enders violated his constitutional right to due process and retaliated against him in violation of the First Amendment by writing the Major Misconduct Tickets–the Belan

Misconduct Report, Out of Place, and the Salisbury Misconduct Report. The grievance was denied because it contained multiple issues in violation of MDOC policy. The denial was upheld at each step of the grievance process.

**III. STANDARD OF REVIEW**

In cases where a magistrate judge has submitted a report and recommendation, and a party has properly filed objections to it, the district court must conduct a *de novo* review of those parts of the report and recommendation to which the party objects. 28 U.S.C. § 636(b)(1)(C). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate judge. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

**IV. ANALYSIS**

In the Report and Recommendation, the Magistrate Judge found that Reeves had exhausted his administrative remedies, that Reeves had established a genuine dispute as to his First Amendment retaliation claim; that Defendants were not entitled to qualified immunity on Plaintiff's First and Fourteenth Amendment Claim, and that Defendants were entitled to summary judgment on Plaintiff's Eighth Amendment claim. (See Doc. No. 23).

Defendants object to the Report and Recommendation on several grounds. They

assert that Plaintiff's complaint does not contain a due process claim against Inspector Belen, that Plaintiff failed to exhaust his administrative remedies concerning Grievance ARF-2011-01-0053-28C, and that Plaintiff's retaliation claim fails as a matter of law because Defendants' assertion that they were unaware that Plaintiff had engaged in protected conduct is uncontroverted. Defendants further argue because Plaintiff was found guilty of misconduct, his retaliation claim against RUM Evers fails. Lastly, Defendants argue that Plaintiffs' claim against RUO Enders fails because, as a matter of law, Enders did not provide false testimony. The Court addresses each objection below.

**A. Failure to State A Claim**

In analyzing Defendant's Objection that Plaintiff has not advanced a due process claim against Belan, the Court directs its attention to Plaintiff's Complaint. According to the complaint, Inspector Belen is in charge of investigations pertaining to serious issues. (Doc. No. 1, ¶ 9). In that capacity, Belen is in charge of complaints with policies and procedures and enforcement of rights protected by federal and state law. (Id.) Reeves alleges that Belan issued a misconduct violation on December 7, 2009, arising out of the conduct that occurred in the yard. The Belan Misconduct Report was dismissed the following day.

The Belan Misconduct Report comes into play because in grievance ARF-2010-01-0084-07F, Reeves stated that he requested a hearing package for the three tickets he was issued (which includes the Belan Misconduct Report), but did not receive everything. He asserts that, as a result, he was hindered in preparing for a proper hearing regarding the continuing pattern of retaliation and staff corruption because he received summaries of statements rather than the actual statements.

The Respondent to the grievance denied the grievance, indicating that Reeves had

received all copies of the nonconfidential packets that he was permitted to receive. (Doc. No. 16, Defs.' Ex. E). In the response to the grievance, it is noted that the regular H/I had provided the documents. (Id.) Because H/I is the designation for the hearing investigator, not an Inspector, this conduct cannot be attributed to Belen. (See Compl. p. 5). The gist of Reeves' claim against Belen is that she wrote a misconduct even though she was not working at the time the alleged incident occurred to retaliate against Reeves. Therefore, even taken in the light most favorable to Plaintiff, there is not due process claim advanced in this grievance as to Defendant Belen, and the Court rejects the R&R's finding to the contrary.

**B. Exhaustion**

Next, the Court assesses Defendants' assertion that Reeves failed to exhaust his administrative remedies concerning Grievance ARF-2011-01-0052-28C because the grievance contained multiple issues regarding several incidents of misconduct. This position was rejected in the Report and Recommendation. Specifically, the Magistrate Judge concluded that Reeves had exhausted his grievance because it raised "multiple harms stemming from one incident of alleged retaliation." (Doc. No. 23 at 10). She reasoned:

> This incident is the alleged "march" that Plaintiff claims the Defendants fabricated against him in retaliation for filing his November 24, 2009 Warden Forum Complaint. This incident formed the basis of the allegedly false Major Misconduct Tickets written by Salisbury, Belan, and Evers, and the allegedly false testimony provided at Plaintiff's Major Misconduct Hearing on the Salisbury Misconduct Report provided by Defendant Enders.

(Id.) Consequently, the Magistrate Judge analyzed the facts under LaFountain v. Martin, 334 F. App'x 738, 741 (6th Cir. June 3, 2009). Int hat case, the appellate court upheld

exhaustion where a prisoner's grievance contains multiple issues that are related or one claim with multiple harms. Notably, MDOC policy prohibits grievances with "multiple unrelated issues." (R&R at 9). The Court agrees. Accordingly, the Defendants' Objection lacks merit.

**B. Retaliation**

To succeed on his First Amendment retaliation claim, Reeves must show the following: (1) he was engaged in constitutionally protected conduct; (2) he suffered adverse action which would deter a person of "ordinary firmness" from continuing to engage in such protected conduct; and (3) the adverse action was motivated at least in part by the plaintiff's protected conduct. See Thomas v. Eby, 481 F.3d 434, 440 (6th Cir. 2007) (quoting Thaddeus–X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999)).

Defendants assert that they are entitled to summary judgment because Plaintiff cannot establish the requisite causal connection. Defendants have included declarations that they had no knowledge of Plaintiff's protected activity at the time Plaintiff was disciplined. In this case, their denials merely render the issue disputed. As the Magistrate Judge noted, direct evidence of intent is rare; circumstantial evidence supports Plaintiff's allegations. (See Doc. No. 23 at 11). First, the temporal proximity between the events supports Plaintiff's claim. Second, the state court held that the Salisbury Misconduct Report was not supported by competent, material and substantial evidence.

In the alternative, Defendants rely on Henderson v. Baird, 29 F.3d 464 (8th Cir.1994), to support their argument that Plaintiff cannot use the Out of Place misconduct report written by Evers as evidence of retaliation because Plaintiff was found guilty of the misconduct. Although an inmate may maintain a cause of action for retaliatory discipline

under 42 U.S.C. § 1983 where a prison official files disciplinary charges in retaliation for an inmate's exercise of constitutional rights, the claim fails if the alleged retaliatory conduct violations were issued for the actual violation of a prison rule. See Goff v. Burton, 7 F.3d 734, 738-39 (8th Cir. 1993); Orebaugh v. Caspari, 910 F.2d 526, 528 (8th Cir. 1990). Accord Thomas v. Eby, 481 F.3d 434, 441-42 (6th Cir. 2007); Vaughn v. Robb, No. 11-cv-323, 2012 WL 772453 (W. D. Mich. March 8, 2012).

Here, Plaintiff concedes this "claim is not about the Out of Place misconduct." (Doc. No. 19 at 25). His dispute is with the severity of the punishment he received, and he attributes the severity to a retaliatory motive. Consequently, the Court rejects Defendants' argument that the retaliation claim against Evers fails as a matter of law.

Lastly, Defendants argue that Plaintiff's reliance on his allegation that RUO Enders provided false testimony against him during the hearing on the Salisbury Misconduct Report is misplaced. Enders' involvement was limited to identifying prisoners who appeared on a video tape of the December 6, 2009, incident in the prison yard.[1] According to the hearing report, Enders claimed he could identify Reeves because Reeves worked in Enders' housing unit. This is inaccurate. Reeves did not work in the housing unit, he locked or resided in the housing unit. (See Doc. No. 16, Ex. L at ¶¶ 12-15). This inaccuracy is immaterial. Regardless of how the identification is characterized, the identification itself is accurate. Moreover, Reeves admitted he was in the yard at the time of the incident. Therefore, there is no basis for a retaliation claim to proceed against

[1]Although Enders' affidavit incorrectly identifies the videotape date as December 5, 2009, it is clear that the video is of the December 6, 2009, incident where numerous prisoners were walking around the prison yard in small groups. (See Doc. No. 16, Ex. L at ¶ 11).

Enders, and he is dismissed from this action.

## V. CONCLUSION

Accordingly, the Court **ADOPTS in part and REJECTS in part** the Magistrate Judge's recommendation. For the reasons stated above, Enders is **DISMISSED** as is the due process claim against Belen.

**IT IS SO ORDERED**.

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATE: August 2, 2012

**CERTIFICATE OF SERVICE**

Copies of this Order were e-filed and/or mailed to Plaintiff and counsel of record on this date.

s/Bernadette M. Thebolt
Case Manager