UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT REEVES,

        Plaintiff,                      Civil Action No. 11-cv-11830

       v.                             District Judge Marianne O. Battani
                                         Magistrate Judge Laurie J. Michelson

K. SALISBURY, *et al.*,

        Defendants.

_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT [36]**

Plaintiff Robert Reeves, a Michigan Department of Corrections ("MDOC") inmate proceeding *pro se*, brought this case pursuant to 42 U.S.C. § 1983 alleging that six MDOC employees, Assistant Deputy Warden Chapman, Kenneth Salisbury, Janet Belen, L. Jacobsen, Mark Evers and Richard Enders ("Defendants"), violated his First, Fifth, Eighth and Fourteenth Amendment rights by writing misconduct tickets against him in retaliation for a complaint he filed with the Warden's Forum. All pretrial matters have been referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B). (Dkt. 15.) Defendants Chapman and Jacobsen were summarily dismissed on June 23, 2011. (Dkt. 6, Order Partial Dismissal.) The remaining Defendants filed a Motion for Summary Judgment on September 9, 2011. (Dkt. 16.) District Judge Marianne O. Battani granted in part and denied in part the Motion such that Defendant Enders was also dismissed, but Plaintiff's First and Fourteenth Amendment claims remain against Defendants Salisbury and Evers, and his First Amendment claims remain against Defendant Belan. (Dkt. 43.) Prior to this ruling, on June 26, 2012, Plaintiff filed what was styled a "Motion for Partial Summary Judgment." (Dkt. 36.) A review of the Motion reveals, however, that Plaintiff was further opposing Defendants' Motion for

Summary Judgment by arguing that genuine issues of material fact exist on his claims. (*Id*.) Defendants respond to the Motion by again arguing that they are entitled to summary judgment. (Dkt. 44.) Remarkably, Defendants' August 10, 2012 response brief omits any reference to Judge Battani's August 2, 2012 summary judgment ruling which rejected the very arguments Defendants seek to relitigate.

For the following reasons, the Court RECOMMENDS that Plaintiff's Motion for Partial Summary Judgment (Dkt. 36) be DISMISSED AS MOOT and that Defendants' renewed request for summary judgment (Dkt. 44) be DENIED.

## I. BACKGROUND

### A. Facts

Judge Battani's summary judgment opinion summarizes the facts as follows:

> On November 24, 2009, Reeves submitted a written complaint to the Warden's Forum, alleging that he was being unfairly accused of misconduct and being set up. On December 7, 2009, Defendant Belen wrote Plaintiff a Major Misconduct Report for Creating a Disturbance (hereinafter the "Belan Misconduct Report"), based upon the allegation that Plaintiff led about 30-40 prisoners in "groupings up in pairs of 3 and circling the front yard," with the intention of luring staff in for patsearches so the staff could be stabbed. Belan placed Plaintiff in segregation; however, the following day, the Assistant Deputy Warden, Chapman pulled the ticket, and Plaintiff was released from segregation.
>
> On December 11, 2009, Defendant Evers placed Plaintiff back in segregation for being "Out of Place." The Major Misconduct Report indicates that Plaintiff was in the yard while he was on "toplock." The Hearing Officer upheld the charge.
>
> Lastly, on December 16, 2009, Defendant Salisbury wrote Plaintiff a Major Misconduct Report for "Conspiracy Assault and Battery (Staff Victim)" (hereinafter the "Salisbury Misconduct Report"), which was based on the conduct giving rise to the earlier Belen Misconduct Report. According to Salisbury, Reeves met with other

> prisoners on December 5, 2009, to discuss stabbing several staff members. The following day, Reeves participated in a walk on the inner yard that was intended to lure staff in for pat searches, at which time the staff members would be stabbed. The staff did not respond, and no assaults occurred.
>
> A hearing officer, L. Jacobsen, conducted a hearing regarding the Salisbury Misconduct Report and found evidence to support the misconduct. Thereafter, Reeves filed Grievance ARF 2010-01-07E, stating that he had requested documents from the hearing investigator, which he did not receive. The grievance was denied at Step I because Plaintiff had received all the information he was allowed to have. Plaintiff exhausted the grievance procedure, but the denial of additional requested documents was upheld at each step.
>
> At the same time, Reeves appealed the decision of the hearing officer. After the hearing administrator denied the appeal, Plaintiff petitioned the Ingham County Circuit Court for judicial review. The judge found that the Salisbury Misconduct Report was not supported by competent, material, and substantial evidence on the whole record. After the judge reversed the agency decision, Plaintiff filed grievance ARF 2011-01-0052-82C. In his grievance, Reeves claimed that Salisbury, Evers, and Enders violated his constitutional right to due process and retaliated against him in violation of the First Amendment by writing the Major Misconduct Tickets–the Belan Misconduct Report, Out of Place, and the Salisbury Misconduct Report. The grievance was denied because it contained multiple issues in violation of MDOC policy. The denial was upheld at each step of the grievance process.

(Dkt. 43 at 2-4) (citations omitted)

### B. Procedural History

On September 29, 2011, Defendants Belen, Enders, Evers, and Salisbury filed a Motion for Summary Judgment. (Dkt. 16.) They argued that Plaintiff failed to properly exhaust his administrative remedies and that his allegations fail to state a constitutional claim. (*Id.*) On January 30, 2012, this Court issued a Report and Recommendation that Defendants' Motion be granted as to Plaintiff's Eighth Amendment claim but denied on the remaining claims. (Dkt. 23.) Defendants

filed objections to this Report and Recommendation (Dkt. 27) and Plaintiff filed a response (Dkt. 29). On June 29, 2012, while the objections were pending, Plaintiff filed the present "Motion for Partial Summary Judgment." Despite the title, Plaintiff is not seeking summary judgment in his favor; rather, he was seeking to defeat Defendants' Motion. His argument section states, "Plaintiff has shown there is a genuine issue of material fact on Plaintiff's First Amendment and Fourteenth Amendment claims." (Pl. Mot. for Partial Summ. J. at 7.)

On August 2, 2012, Judge Battani issued an Order adopting in part and rejecting in part this Court's Report and Recommendation on Defendants' Motion for Summary Judgment. (Dkt. 43.) More specifically, Judge Battani granted summary judgment on all claims to Defendant Enders and also dismissed the due process claim against Belen. She denied the Motion as to the First Amendment retaliation claims and the Fourteenth Amendment claims against Evers and Salisbury. One week later, on August 10, 2012, the remaining Defendants filed a response to Plaintiff's Motion for Partial Summary Judgment. (Dkt. 44.) They seek to relitigate their Summary Judgment Motion. (*Id.*) In their conclusion, Defendants state, "The evidence on record before the Court fails to support Reeves' Motion for Partial Summary Judgment as to any of his claims. Defendants request that the Court deny Plaintiff's motion, and instead grant summary judgment for Defendants pursuant to Fed. R. Civ. P. 56(f)(1)." (*Id.* at 20.)

## II. ANALYSIS

### A. Plaintiff's Motion is Moot

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material only if it might affect the outcome of the case under the governing law. *See*

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). On a motion for summary judgment, the Court must view the evidence, and any reasonable inferences drawn from the evidence, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted); *Redding v. St. Edward*, 241 F.3d 530, 531 (6th Cir. 2001).

The moving party has the initial burden of demonstrating an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party carries this burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587. The Court must determine whether the evidence presents a sufficient factual disagreement to require submission of the challenged claims to a jury or whether the moving party must prevail as a matter of law. *Anderson*, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.").

As mentioned, Plaintiff does not attempt to show that there is an absence of a genuine issue of material fact and that he is entitled to judgment as a matter of law. The substance of his Motion makes clear that he is arguing why *Defendants* cannot make that showing. After setting forth the summary judgment standard, Plaintiff's brief states that "Plaintiff in this matter has come forth with specific facts showing that there is a genuine issue for trial." (Pl. Mot. for Partial Summ. J. at 7.) His argument heading is that he has established a genuine issue of material fact on his First Amendment claim of retaliation. His conclusion states,

> the court should Grant Partial Summary Judgment on Plaintiff's First Amendment and Fourteenth Amendment Claims. The Court[] should adopt the Jan. 30, 2012 Report and Recommendation submitted to the District Judge. Therefore allowing the amount of damages due to

5

> plaintiff be determined at trial. *Patterson v. Coughlin*, 905 F.2d 564, 570 (2d. Cir. 1990). Therefore a trial is needed.

(*Id.* at 10.)

On August 10, 2012, Judge Battani ruled on Defendants' Motion for Summary Judgment. In light of this ruling – denying summary judgment on the First and Fourteenth Amendment claims as to several Defendants – this Court recommends that Plaintiff's Motion for Partial Summary Judgment be denied as moot.

### B.      **Defendants are Not Entitled to Summary Judgment**

The majority of Defendants' "opposition brief" is devoted to rearguing their summary judgment motion and then asking the Court to grant summary judgment in their favor pursuant to Fed. R. Civ. P. 56(f)(1). This Court declines to do so for several reasons.

First, while Defendants completely ignore Judge Battani's ruling, it forecloses their arguments. For example, Defendants argue that "[b]ecause Inspector Belen, Captain Salisbury and RUM Evers did not have knowledge of Reeves' alleged protected conduct, Reeves cannot establish the [causation] element of his retaliation claim and Inspector Belen, Captain Salisbury and RUM Evers are entitled to summary judgment." (Resp. at 5.) In denying Defendants' Motion for Summary Judgment, Judge Battani expressly stated:

> Defendants assert that they are entitled to summary judgment because Plaintiff cannot establish the requisite causal connection. Defendants have included declarations that they had no knowledge of Plaintiff's protected activity at the time Plaintiff was disciplined. In this case, their denials merely render the issue disputed. As the Magistrate Judge noted, direct evidence of intent is rare; circumstantial evidence supports Plaintiff's allegations. (See Doc. No. 23 at 11). First, the temporal proximity between the events supports Plaintiff's claim. Second, the state court held that the Salisbury Misconduct Report was not supported by competent, material and substantial evidence.

6

(8/10/12 Order at 7.) This is but one example. Thus, as a result of Judge Battani's prior decision, Defendants renewed request for summary judgment should be denied pursuant to the law of the case doctrine. *See United States v. Todd*, 920 F.2d 399, 403 (6th Cir. 1990) (explaining that this doctrine provides that "a decision on an issue made by a court at one stage of a case should be given effect in successive steps of the same litigation"); *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994) ("Under the doctrine of law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation.").[1]

Several of this Court's Local Rules and the Federal Rules of Civil Procedure also preclude Defendants' renewed request for summary judgment. First, "a response or reply to a motion must not be combined with a counter-motion." E.D. Mich. ECF Pol. & Pro. R. 5(d). Additionally, "A party must obtain leave of court to file more than one motion for summary judgment." E.D. Mich. LR 7.1(b)(2). No such request has been made. As for Defendants' primary argument that they are entitled to summary judgment pursuant to Federal Rule 56(f)(1), that Rule provides, "After giving notice and a reasonable time to respond, the court may: (1) grant summary judgment for a nonmovant." Fed. R. Civ. P. 56(f)(1). No such notice has been given here.

---

[1] The Court recognizes that this doctrine is discretionary and does not limit a court's power to reconsider its own decisions prior to final judgment. *Todd*, 920 F.2d at 403 (citing *Christianson v. Colt Indust. Operating Corp.*, 486 U.S. 800, 817 (1988) ("The law-of-the-case doctrine 'merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power.' . . . A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances. . . .")). Here, the Court does not find any extraordinary circumstances. Defendants do not allege substantially different evidence nor do they claim the Sixth Circuit has issued any contrary decisions since the prior summary judgment ruling.

7

### III. RECOMMENDATION

For the foregoing reasons, the Court RECOMMENDS that Plaintiff's Motion for Partial Summary Judgment (Dkt. 36) be DENIED AS MOOT and that Defendants request for summary judgment, in responding to that Motion (Dkt. 44), also be DENIED.

### IV. FILING OBJECTIONS TO THIS REPORT

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

Date: August 16, 2012                             s/Laurie J. Michelson
                                                  Laurie J. Michelson
                                                  United States Magistrate Judge

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 16, 2012.

                                s/Jane Johnson
                                Deputy Clerk